UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES AUCKERMAN,

    Plaintiff,

vs.

WALMART, INC., *et al.*,

    Defendants.

Case No. 3:23-cv-145

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

___

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR REMAND (Doc. No. 9); (2) REMANDING THIS CASE TO THE CLARK COUNTY, OHIO COMMON PLEAS COURT; AND (3) TERMINATING THIS CASE ON THE DOCKET**

___

This civil case, premised on diversity jurisdiction, is before the Court on Plaintiff James Auckerman's ("Auckerman") motion for remand. Doc. No. 9. Defendant Walmart, Inc. ("Walmart") filed a memorandum in opposition, and Auckerman replied. Doc. Nos. 10–11. This matter is ripe for review.

**I.**

Auckerman claims he bought a bike from a Walmart store in Ohio, rode it by his home in New Carlisle, Ohio, and was injured when the bike's pedal broke off midway through his bike ride. Doc. No. 1-1 at PageID 11. Bringing a product liability claim under Ohio law, he sued Walmart and Defendant Toys For All, LLC ("Toys For All"), the bike's alleged manufacturer, in the Clark County, Ohio Court of Common Pleas on April 17, 2023. *Id.* at PageID 10–11. Auckerman's complaint listed Toys For All's address in Coral Springs, Florida, writing "c/o Sebastian Martinez Registered Agent . . . " ("Martinez"). *Id.* at PageID 10.

Auckerman served Walmart and Toys For All on April 24, 2023. *Id.* at PageID 1; Doc. No. 7-3 at PageID 59; Doc. No. 9-2. Walmart is a Delaware corporation with its principal place of business in Arkansas. Doc. No. 1 at PageID 2. Toys For All is a Florida LLC, and its three members are Floridians. Doc. No. 7-2 at PageID 57–58. According to its Articles of Incorporation, Toys for All is an "inactive" LLC that has been administratively dissolved, so it cannot carry on business under Florida law. *Id.*; *see* Fla. Stat. § 607.1405(1).

On May 12, 2023, Walmart's counsel had a phone call with Martinez. Doc. No. 3-1 at PageID 30. During the call, Martinez allegedly "relayed that Toys For All . . . was insolvent, non-active, and/or no longer operating." *Id.* Thus, Toys For All "had no intention of retaining counsel" for Auckerman's lawsuit. *Id.* In Walmart's view, Toys For All did "not object to removal" based on this conversation.[1] *Id.* at PageID 31.

On May 25, 2023, Walmart filed its Notice of Removal. Doc. No. 1. It alleged removal was proper because of diversity jurisdiction, noting "Toys For All, LLC[] is a Florida Corporation with its principal place of business in Coral Springs, Florida." Doc. No. 1 at PageID 3. This prompted the Court to issue a Show Cause Order, requiring Walmart to affirmatively allege the citizenship of Toys For All's members. Doc. No. 6 at PageID 44. Walmart responded with Toys For All's Articles of Incorporation—publicly available on the Florida Secretary of State's website—showing that its members, including Martinez, were Floridians. Doc. No. 7-1 at PageID 55–56; https://dos.myflorida.com/sunbiz/search/ (under the "Corporations, Limited Liability Companies, Limited Partnerships, and Trademarks" heading and under the "Search by" sub-heading, click "Name"; type "Toys For All" in the box next to "Entity Name"; click "Search Now";

---

[1] In light of the analysis below concerning the untimeliness of Walmart's removal effort, the Court need not address whether or not Toys for All did, or did not, consent to removal, as is required by 28 U.S.C. § 1446.

2

under "Corporate Name," click "TOYS FOR ALL LLC"; scroll to the bottom of the page; and click "10/23/2019 – Florida Limited Liability"). This response satisfied this Court's request that Walmart affirmatively allege diversity jurisdiction. *See* Doc. No. 8 at PageID 77.

On June 22, 2023, Auckerman moved to remand. Doc. No. 9. He argues that Walmart needed to file its Notice of Removal on May 24, 2023 because it was served on April 24, 2023, but it filed it here on May 25, 2023—one day late. *Id.* at PageID 83. Walmart raises two counterarguments to prove it timely removed: (1) the thirty-day removal clock began to run on May 12, 2023, after the phone call with Martinez; and, alternatively, (2) the date of service (April 24, 2023) does not count for calculating the 30-day period within which Walmart had to remove this case. Doc. No. 10 at PageID 90–94.

## II.

A defendant must file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable," a defendant has 30 days from the "receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). "The 30–day period in § 1446(b)(1) starts to run only if the initial pleading contains 'solid and unambiguous information that the case is removable.'" *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015) (quoting *Holston v. Carolina Freight Carriers Corp.*, No. 90-1358, 1991 WL 112809, at *3 (6th Cir. June 26, 1991) (per curiam)). This 30-day deadline is not subject to equitable tolling. *See* 14C CHARLES ALAN WRIGHT & ARTHUR P. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3731 (Rev. 4th ed. 2023).

"A motion to remand the case on the basis of any defect other than lack of subject matter

jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); *see, e.g.*, *DeWalt v. Purdue Pharma, LP*, 397 F.3d 392, 397 (6th Cir. 2005). "[T]echnical defects in . . . removal procedure . . . may not be raised *sua sponte*, and must be raised by a party within thirty days of removal or they are waived." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516–17 (6th Cir. 2003) (first citing 28 U.S.C. § 1447(c); and then citing *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995)); *see also Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 511 n.2 (6th Cir. 2012).

### III.

Walmart removed one day too late. Auckerman served Walmart and Toys For All on April 24, 2023—a point that Walmart does not dispute. Doc. No. 1 at PageID 1; Doc. No. 7-3 at PageID 59; Doc. No. 9-2. Thirty days after April 24, 2023 is May 24, 2023; so, by filing its Notice of Removal on May 25, 2023, Walmart was a day late. In opposition to this conclusion, Walmart raises three arguments.

#### A. Solid and Unambiguous Information Test

Walmart first contends that it lacked the necessary information to remove this case until its phone call with Martinez on May 12, 2023 (Doc. No. 10 at PageID 90–93). But that assertion misstates the facts and misunderstands the events that transpired here. For one thing, Walmart's call with Toys For All revealed nothing relevant about the citizenship of its members: its basis for removal on diversity jurisdiction. Doc. No. 3-1 at PageID 30. Likewise, its argument discounts the fact that Toys For All's Articles of Incorporation were publicly available on the Florida Secretary of State's website, and this is "solid and unambiguous information" showing that this case was removable. *Berera*, 779 F.3d at 364.

In its brief, Walmart cites *Forest Creek Townhomes, LLC v. Carroll Prop. Mgt.*, 695 F. App'x 908, 912 to support its claim that it was not ascertainable from the complaint that this case

4

was removable. Doc. No. 10 at PageID 91. But *Forest Creek* is different from the situation here. There, it was "undisputed . . . that neither the complaint *nor any public information available on the day Defendants received the complaint* indicated the citizenship of Forest Creek's sole member . . . ." 695 F. App'x at 911 (6th Cir. 2017) (emphasis added).

In contrast, public information available to Walmart on the day it was served—Toys For All's Articles of Incorporation—proved Toys For All's Florida citizenship (Doc. No. 7-1 at PageID 55–56). The face of the complaint—listing Toys For All's location in Florida and Martinez's address in Florida—thus triggered Walmart's obligation "to 'intelligently ascertain' the citizenship of [Toys for All's members] at the time the case was filed." *Praisler v. Ryder Integrated Logistics, Inc.*, 417 F. Supp. 2d 917, 921 (N.D. Ohio 2006); *cf. Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234, 241 (7th Cir. 2021) ("[A] defendant cannot bury its head in the sand or feign ignorance about information within its control. If removability turns on information about the defendant that the defendant itself knows or can readily ascertain, the 30-day clock in § 1446(b)(1) begins to run."). Because Walmart's "ignorance of information within its actual knowledge may not forestall the deadline of removing a case to federal court[,]" the Court rejects its argument that it did not know this case was removable when it received the complaint. *Tolloty v. Republic Servs., Inc.*, No. 5:11CV1644, 2012 WL 529881, at *5 (N.D. Ohio Feb. 17, 2012) (citing *M.D. v. Advanced Med. Optics, Inc.*, No. 5:09-CV-696, 2009 WL 1314754, at *2 (N.D. Ohio May 11, 2009)); *see also, e.g.*, *Bankston v. Ill. Nat'l Ins. Co.*, 443 F. Supp. 2d 1380, 1382 (M.D. Fla. 2006) (granting remand, in part, on the defendant's control over several public documents suggesting that the plaintiff was a Floridian and therefore diverse in citizenship).

B.  Rule 6(a)(1)(A)

Walmart next argues that it removed on time because the date of service is excluded under Fed. R. Civ. P. 6(a)(1)(A). Doc. No. 10 at PageID 93–94. The time for removal only begins once

5

a defendant receives formal service of process, as provided for by state procedural rules. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351–55 (1999); *Dernis v. Amon Fin.*, 701 F. App'x 449, 453 (6th Cir. 2017). In computing the time by which a defendant must serve this Notice, the Court must "exclude the day of the event that triggers the period[.]" Fed. R. Civ. P. 6(a)(1)(A); *see Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir. 2004).

Both Defendants were formally served on April 24, 2023, in compliance with federal and state law. *See* Doc. No. 1 at PageID 1; Doc. No. 9-2 at PageID 88. Walmart is correct that this day must be excluded when calculating the 30 days within which it needed to file a Notice of Removal. Fed. R. Civ. P. 6(a)(1)(A). However, that does not help Walmart because, when excluding April 24, 2023, May 25, 2023 is *thirty-one* days from the date of removal, not thirty. Plaintiffs analogize this situation to *S.M. v. Jones*, 794 F. Supp. 638 (W.D. Tex. 1992). The defendant in *S.M.* removed on May 28, 1992 after being served on April 27, 1992. *Id.* at 639. Even excluding April 27, 1992 when computing the removal time, "[d]efendants filed their notice of removal on the 31st day, Thursday, May 28, 1992[,]" so it "was untimely." *Id.* So too here. Walmart was served on April 24, 2023. Walmart filed its Notice on May 25, 2023—one day late. Doc. No. 1; *see S.M.*, 794 F. Supp. at 639; *Triple D Prod., LLC v. City of West Palm Beach*, No. 13-80145, 2013 WL 1963039, at *1–2 (S.D. Fla. May 10, 2013). Accordingly, this case shall be remanded.

### C. Rule 6(e)

Walmart last contends, in a footnote, that Rule 6(e) extends the time to remove by three days "when service…is accomplished by mail." Doc. No. 10 at PageID 94 n.1. But this argument does not align with the proper reading of the Rules, the removal statute, and relevant caselaw. "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail)…3 days are added after the period would otherwise expire under

6

Rule 6(a)." Fed. R. Civ. P. 6(e).

The district courts to consider this issue have found that this Rule does not apply to extend the 30-day removal period in 1446. *See Hardy v. Square D. Co.*, 199 F. Supp. 2d 676, 681-82 (N.D. Ohio 2002); *Daniel v. United Wis. Life Ins. Co.*, 84 F. Supp. 2d 1353, 1356 (M.D. Ala. 2000); *Mitchell v. Kentucky-American Water Co.*, 178 F.R.D. 140, 142 (E.D. Ky. 1997); *L & O P'ship No. 2 v. Aetna Cas. & Sur. Co.*, 761 F. Syoo, 549, 550-57 (N.D. Ill. 1991). The Court concurs it would be "illogical to apply Fed. R. Civ. P. 6(e), allowing for a three-day grace period to accommodate 'mail time,' to the removal statute which states that the []clock does not start ticking until after 'mail time' has run, i.e., after the defendant receives service." *Mitchell*, 178 F.R.D. at 142; *see also Hardy*, 199 F. Supp. 2d at 682; *Daniel*, 84 F. Supp. 2d at 1356. Indeed, § 1446 plainly states that "[t]he notice of removal…shall be filed within thirty days after the receipt by the defendant[.]" 28 U.S.C. § 1446(b) (emphasis added). Thus, Walmart's reliance on Rule 6(e) is misplaced. *Cf. Peete v. Am. Standard Graphic*, 885 F.2d 331, 331-32 (6th Cir. 1989) (declining to apply Rule 6(e) to the 90-day period to bring suit under Title VII after receipt of a right-to-sue notice where "no discernable purpose was served by applying Rule 6(e)" (first citing *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986); and then citing *Norris v. Fla. Dep't of Health & Rehab Servs.*, 730 F.2d 682, 683 (11th Cir. 1984))).

**IV.**

For the reasons stated, the Court: (1) **GRANTS** Auckerman's motion to remand (Doc. No. 9); (2) **REMANDS** this case to the Clark County, Ohio Court of Common Pleas; and (3) **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

November 29, 2023                                   s/Michael J. Newman
                                                               Hon. Michael J. Newman
                                                               United States District Judge